

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14-12501 |
| | ) | |
| BETTY J. WILBERT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Chief Judge Pat E. Morgenstern-Clarren |
| _____ | ) | |
| | ) | |
| RICHARD A. BAUMGART, TRUSTEE, | ) | Adversary Proceeding No. 14-1132 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BETTY J. WILBERT, *et al.*, | ) | **MEMORANDUM OF OPINION**[1] |
| | ) | |
| Defendants. | ) | |

The dispute in this chapter 7 adversary proceeding is over ownership of a 2007 Ford Explorer that, when purchased, was titled to both the debtor Betty Wilbert and her then-husband Willie Wilbert. The issue is whether Betty owns 100% of that truck based on a divorce decree that required Willie to transfer title to her or instead whether Betty and Willie each own 50% because Willie never transferred the title to her and she never complained about it.[2] The trustee named both Betty and Willie as defendants.

The parties line up in this fashion: Betty and Willie jointly argue that each has a one-half

___

[1] This opinion is not intended for publication.

[2] The court will use first names because the debtor and her ex-husband have the same last name.

interest based on the title[3] and the trustee argues that Betty owns 100% because the divorce decree imposed a constructive trust in her favor regardless of the failure to transfer the title.

For the reasons that follow, judgment will be entered in favor of the trustee.

## **JURISDICTION**

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (K), and (O) and it is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

## **THE TRIAL**

At trial, the trustee presented his case through his own testimony, the cross-examination of both defendants, and exhibits. The defendants presented their case through stipulations, their testimony, cross-examination of the trustee, and exhibits.

The findings of fact are based on that evidence and reflect the court's weighing of the evidence presented, including determining the credibility of the witnesses. "In doing so, the Court considered the witness's demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language or nuance of expression." *In re The V Companies*, 274 B.R. 721, 726 (Bankr. N.D. Ohio 2002). *See* FED. R. BANKR. P. 7052 (incorporating FED. R. CIV. P.52).

---

[3] The truck has an estimated value of $9,000.00. If Betty only owns one-half, then her asset is valued at about $4,500.00. She claims exemptions against that of $4,425.00, leaving no equity in the truck for the estate. If Betty owns 100% of the truck, the trustee will administer it seeking to recover about $4,575.00 ($9,000.00-$4,425.00=$4,575.00 before administrative costs).

## THE FACTS

In 2007, Betty and Willie bought a 2007 Ford Explorer and titled it in both of their names.[4] About five years later, they entered into a Separation Agreement that, among other things, divided their property. The agreement included this provision:

> The parties agree that on or before the date of their Divorce hearing, Husband shall transfer title of the 2007 Ford Explorer to Wife. Once title has transferred, Wife shall retain title and possession of the 2007 Ford Explorer free and clear of claim by Husband, and she shall be solely obligated for expenses related to the use, operation and maintenance thereof, and shall indemnify and hold Husband harmless therein.[5]

The agreement also dealt with three other vehicles: a 1989 Honda, a 2008 Dodge Charger, and a 2007 Chevrolet Aveo. The agreement provided that Willie would keep the 1989 Honda titled to him; that Willie would transfer his interest in the Dodge to Eric (an adult son of the parties); and that Willie would transfer title to the Chevrolet to Kendrick (another adult son). This agreement was incorporated into a judgment entry of divorce.

Willie did not transfer title to the 2007 Ford Explorer (the truck), either before the August 2012 divorce hearing date or after. Although Betty intended at the time of the divorce that Willie would transfer the title to her, the failure to do so did not cause any problems between them. They operated then and now under an amicable, informal understanding that Betty will let Willie use her truck when he needs to. Specifically, Willie uses the truck to get to work when his Honda is not working and weather prevents him from riding his bicycle, as well as to travel to Mississippi twice a year with the adult sons to visit family. He has keys to Betty's garage and

---

[4] The Identification No. of the vehicle is 1FMEU73E07UB57794. Defs. exh. A.

[5] Pl. exh. 1.

3

to the truck. When his car won't start, he walks the one-half mile from his apartment to Betty's and takes the truck. He then checks in with Betty later in the morning to let her know that he has the truck and see if she needs him to come back and take her to work. In return, Willie shares equally in the maintenance costs, some of the gasoline expense, and some of the insurance. At times, Betty will use Kendrick's car when Willie is using the truck.

The evidence showed that the family members work cooperatively to make sure that everyone has transportation–an admirable, and unusual, situation. With respect to the truck specifically, Betty agreed that Willie would use her truck when he needed it for work or to visit family. There was no convincing testimony, however, that they ever agreed that Willie would *own* one-half of the truck.

When Betty filed her chapter 7 bankruptcy case, she included the truck as an asset. She described her ownership interest as a one-half interest with a value of $4,500.00. She did this because she believes Willie owns the other half based on the title.

### THE POSITIONS OF THE PARTIES

The trustee argues that 100% of the truck is an asset of the chapter 7 estate because the divorce decree created a constructive trust in which Willie's title to the truck is held for Betty. The trustee, standing in Betty's shoes, has the power under the Bankruptcy Code to sell the truck and distribute the proceeds to creditors.

Betty and Willie contend that the title controls and they own the truck jointly. They argue further that they nullified the property award when they chose not to transfer title. They have both benefitted from using the truck and wish to continue that arrangement.

4

**DISCUSSION**

A bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The scope of this provision is broad and a debtor's equitable title to property "unquestionably" constitutes property of the estate under § 541(a)(1). *Demczyk v. Mut. Life Ins. Co. of New York (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir. 1997). While federal law determines what property is included in the estate, state law generally determines whether a debtor has an interest (legal or equitable) in property as of the bankruptcy filing. *Butner v. United States*, 440 U.S. 48, 55 (1979); *Nuvell Credit Corp. v. Westfall (In re Westfall)*, 599 F.3d 498, 502 (6th Cir. 2010).

The chapter 7 trustee acts as the representative of the bankruptcy estate. 11 U.S.C. § 323(a). The trustee is responsible for collecting and administering the property of the estate for the benefit of creditors, which may include selling the property. *See* 11 U.S.C. §§ 704(a)(1) and 363(b). An individual who has possession, custody or control of property of the estate is required to turn it over to the trustee. 11 U.S.C. § 542.

In this case, Ohio law determines the debtor's interest in the truck at the time Betty filed her case. *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192, 197 (6th Cir. 1996). The analysis starts with the judgment of divorce. Under Ohio law, the judgment, which incorporated the separation agreement, effectively replaced the parties' rights and obligations with new property rights and related rights to enforce its provisions. *Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 204-5 (B.A.P. 6th Cir. 1998) (discussing Ohio law). The new property rights vested when the divorce judgment became final. *Vaught v. Vaught*, 441 N.E.2d 811, 816 (Ohio Ct. App. 1981). Once the division of property was fixed by the domestic relations court, the debtor

became legally entitled to Willie's interest in the truck as property allotted to her. *McCafferty*, 96 F.3d at 197 (discussing Ohio law). Additionally, the award of Willie's interest in the truck constituted a judicial determination that Willie held his title to the truck in constructive trust for the benefit of the debtor. *Id.* at 198 (citing *In re McGraw*, 176 B.R. 149, 151-52 (Bankr. S.D. Ohio 1994)). To the extent the debtor retained that equitable interest at filing, it became property of the bankruptcy estate. *In re Graham Square, Inc.*, 126 F.3d at 831.

The defendants argue that Willie's interest in the vehicle is not property of the estate because the debtor has not enforced the provision requiring him to transfer title. They do not provide any legal authority to support the proposition that the debtor's failure to enforce this provision resulted in nullifying the property rights it established with respect to the vehicle. Moreover, while Willie had not transferred title to the debtor before the bankruptcy filing, there was no need for further court action to obtain the transfer because the judgment provides that a certified copy of the judgment can be filed with the county recorder in lieu of the transfer. *See* Separation Agreement at ¶ 13, Trustee's Exh. 1.

The defendants also argue that it is inequitable to enforce the agreement at this point because they have agreed to share the vehicle. This argument fails because this court has found that their agreement was to share *use* of the vehicle, which does not alter the facts regarding ownership of the vehicle. Additionally, they did not provide any legal support for the proposition that such an agreement could modify the terms of the divorce judgment.

Finally, the defendants argue that the fact that the certificate of title shows that they are joint owners of the truck is dispositive as to ownership under Ohio law. They rely on Ohio Revised Code § 4505.04, which states that a person must possess a certificate of title to claim

ownership of a motor vehicle and that no court shall recognize the rights of a person in a motor vehicle unless that interest is admitted or evidenced by a certificate of title.[6] This argument lacks merit because Willie is holding his title in constructive trust for the debtor under the terms of the divorce and § 4505.04 does not preclude the existence of a constructive trust with regard to the ownership of a vehicle. *United States v. Birns*, 395 F.2d 943, 947 (6th Cir. 1968) (discussing Ohio law and OHIO REV. CODE § 4505.04). Additionally, § 4505.04 does not work to prevent this court from ordering Willie to transfer title to the debtor as required under the divorce judgment. *See Bobby Layman Chevrolet, Inc. v. Spire Motor Co.*, 808 N.E.2d 902, 905 (Ohio Ct. App. 2004) (citing Ohio case authority for the proposition that § 4505.04 is not meant to prevent

---

[6] Ohio Revised Code § 4505.04 provides (in relevant part) that:

(A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until there is issued to the person a certificate of title to the motor vehicle, or there is delivered to the person a manufacturer's or importer's certificate for it, or a certificate of title to it is assigned as authorized by section 4505.032 of the Revised Code; and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.

(B) Subject to division (C) of this section, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

(1) By a certificate of title, an assignment of a certificate of title made under section 4505.032 of the Revised Code, a manufacturer's or importer's certificate, or a certified receipt of title cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.21 of the Revised Code;

(2) By admission in the pleadings or stipulation of the parties . . . .

a court of equity from ordering that title to a vehicle be transferred if the holder of title has bound himself to do so).

For these reasons, the court concludes that Willie held his title to the vehicle in constructive trust for the debtor at the time she filed her bankruptcy case and that her equitable interest is property of the estate. Willie is required to transfer title to the truck and the trustee is authorized to sell the truck free and clear of any interest of Willie or the debtor.[7]

## **CONCLUSION**

The court will enter judgment for the plaintiff trustee by separate entry.

_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge

---

[7] The debtor asserts a total exemption amount of $4,500.00 as to the truck. Case No. 14-12501, docket 9. Although she did not assert the exemption amount as an interest in her answer, the trustee does not object to the exemption. Docket 21 at 7.